State v. Willard.

THE STATE v. JAMES R. WILLARD, Appellant.

Division Two, May 26, 1910.

1. **FORGERY: Venue: Place of Alteration: Presumption.** If soon after the check was altered, defendant had it in his possession and presented it at a bank in the county in which the information was filed, then it will be presumed, unless the contrary appears from the evidence, that such alteration was made in said county.

2. **INSTRUCTIONS: General Challenge: Sufficiency.** An assignment in the motion for a new trial in a criminal case that "the court improperly instructed the jury in each of the instructions on the part of the State as to the law of the case, and did not instruct as to the whole law of the case," sufficiently challenges the correctness of all the instructions in the case.

3. **CONVICTION: Not Authorized by Information: Preserved in Record Proper.** If defendant was convicted of an offense which was not embraced in the information, then the point is saved by a motion in arrest charging as one of its grounds that "upon the record the judgment is erroneous," since the information, as well as the verdict and judgment, constitute a part of the record proper.

4. **FORGERY: Different Degrees: Charged with Second: Convicted of Third.** Under an information charging, and evidence showing, defendant to be guilty of forgery in the second degree, as defined by Section 2001, Revised Statutes 1899, a conviction of forgery in the third degree as defined by section 2009 cannot stand. Section 2001 declares that every person who shall falsely make or alter any check issued by any bank, or drawn on any bank by any other person, shall be adjudged guilty of forgery in the second degree, and the information charged defendant with feloniously altering a check drawn by another on a bank. Section 2009 says that every person who shall falsely alter or forge "any instrument or writing, being or purporting to be the act of another," the false altering or forging of which "is not hereinafter declared to be forgery in some other degree," shall be guilty of forgery in the third degree. Section 2009 does not embrace the character of instruments designated in section 2001, and it substantially declares that forgery of a check drawn upon or by a bank shall not constitute forgery in the third degree, since that offense, by section 2001, is made forgery in the second degree. Hence, a conviction of forgery in the third degree cannot stand.

5. ————: ————: **Conviction of Lower Degree: Statute.** Sec. 2535, R. S. 1899, is not to be construed as authorizing the conviction of a defendant of a lower degree of an offense where the lower degree is not embraced within the higher degree of the crime. The statutes defining the different degrees of forgery denounce separate and distinct offenses. The rule that a defendant cannot complain of a conviction of the lower grade of a crime when the testimony tends to show him guilty of a higher grade, can only apply when the charge of the higher grade necessarily embraces the lower grade. Where defendant was not charged with the offense of third degree forgery, he cannot be convicted of that offense, and a charge of forgery in the second degree is not a charge of forgery in the third degree—the statutes designate different instruments, and make the false alteration of certain ones forgery in the second degree, and false alteration of others forgery in the third degree.

6. ————: **Former Conviction.** At a former trial defendant was convicted of forgery in the second degree, and upon appeal the information was held insufficient, and the cause remanded. Thereupon a sufficient information charging forgery in the second degree was filed, and upon his trial he was erroneously convicted of forgery in the third degree and upon appeal that judgment is reversed, the holding being that under the information and statutes he cannot be convicted of forgery in the third degree. *Held*, that defendant has never been either con-

victed or acquitted of forgery in the second degree, and his plea of former conviction is disallowed, and the cause remanded for a new trial under the present information charging forgery in the second degree.

Appeal from Howell Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

(1) Instruction 2, given on the part of the State, informing the jury that if appellant cashed the forged check, as charged, in Howell county, the law presumed the forgery to have been committed in that county, unless the proof showed to the contrary, correctly declared the law on that phase of the case. State v. Allen, 116 Mo. 548; Sherwood's Crim. Law, p. 354. (2) The special plea in bar of *autrefois acquit* must be specifically pleaded to be available. R. S. 1899, sec. 2563; Kelley's Crim. Law (2 Ed.), sec. 233; Sherwood's Crim. Law p. 763; State v. Huffman, 136 Mo. 58. A motion in arrest only goes to defects appearing on the face of the indictment or the information. The plea of *autrefois acquit* cannot be raised in a motion in arrest. State v. Brown, 181 Mo. 192. (3) The trial court erred in appellant's favor in giving instruction 1 on the part of the State, permitting the jury to find appellant guilty of forgery in the third degree instead of the second degree, as charged. It permitted the jury to find him guilty of forgery in the third degree, for which the minimum punishment is two years, which was given appellant, instead of finding him guilty of forgery in the second degree, for which the minimum punishment is five years, and which was the punishment assessed against appellant in the former trials of this cause. We have examined appellant's motion for a new trial in vain for an assignment of

error that the court should have submitted this cause to the jury on the charge of forgery in the second degree instead of the third degree, as it did. Appellant had no complaint to make on this ground, and hence he wisely made no assignment in his motion to that effect. He was glad to have the court err in his favor. He was glad the jury was permitted to give him the minimum punishment of two years in the penitentiary instead of five years, as in the former trials in this cause. R. S. 1899, sec. 2535; State v. Ellis, 74 Mo. 207; State v. Lowe, 93 Mo. 547; State v. Gates, 130 Mo. 351; State v. Schieller, 130 Mo. 510; State v. Frazier, 137 Mo. 317; State v. Hancock, 148 Mo. 488.

FOX, J.—The defendant has brought this cause to this court by appeal from a judgment of the circuit court of Howell county, convicting him of forgery in the third degree.

The prosecuting attorney of Howell county, on July 26, 1909, filed in the circuit court of said county an amended information containing one count, charging defendant with having forged, counterfeited, falsely made and altered a certain check on the 31st day of May, 1907, under the name of F. M. Willard, and payable to one Hamon Judd, on the First National Bank of West Plains, Missouri, for the sum of twenty dollars, said check being dated May 29, 1907. This cause was tried before Hon. John T. Moore, judge of the Twentieth Judicial Circuit, a change of venue having been taken from Hon. W. N. Evans, the regular judge of the circuit in which the county of Howell was situated.

This is the second appeal in this cause. Upon the former appeal the judgment of the circuit court was reversed and the cause remanded by this court on the ground of the insufficiency of the information. [See State v. Willard, 219 Mo. 721.] The case at bar was tried at the July term of the Howell Circuit Court,

and at such trial the facts developed were substantially as follows:

That F. M. Willard, the prosecuting witness, is a cousin of defendant; that on the 29th day of May, 1907, said prosecuting witness, who then lived in Howell county, went across the county line into Oregon county, near a small country town by the name of Rover, where a game of "craps" and drinking seem to have been the order of the day. A number of citizens of Oregon county were present and appear to have joined in this day of festivities. While at this place of levity and on said day, said F. M. Willard gave his personal check to one Hamon Judd for the sum of two dollars on the First National Bank of West Plains, Missouri, said Judd paying said Willard one dollar in cash and a check for the sum of one dollar in exchange therefor. This two dollar check is the check alleged to have been forged and altered by raising to a twenty dollar check, as set out in the information.

The proof at the trial of this cause shows that the check alleged to have been altered and forged was seen in the possession of the defendant at the former trial of this cause; that defendant was seen to wrinkle and fold the check by one of the jurors in the former trial and the same was not produced at the trial of this cause, but was admitted to have been lost or destroyed.

The proof shows that said Judd sold and assigned said check for two dollars to defendant on May 30, 1907. Late on the afternoon of May 30, 1907, appellant had one Mrs. Thomas Overstreet (who, with her husband, was conducting a small country store and postoffice near said town of Rover, in Oregon county), to cash said two dollar check for him. This check was observed by both Mr. and Mrs. Thomas Overstreet to be for the sum of two dollars. Early on the morning of May 31, 1907, defendant came to the store of said

Overstreet and requested them to cash a twenty-five dollar check of that date, given him by the Davidson Cattle Company, and payable at said National Bank at West Plains. Mr. Overstreet cashed said twenty-five dollar check for appellant, giving him in exchange the said two dollar Willard check, a twenty dollar bill in currency, a small check of appellant's and some small change, making a total of twenty-five dollars. After appellant had started away from this store on this occasion last stated, Mr. Overstreet called to him and asked him if he would take some checks for him (Overstreet) to said First National Bank at West Plains, and deposit for him, which appellant agreed to do; and thereupon said Overstreet gave appellant a number of checks, to-wit, for $41.59, $13.19, $3.50 and $25, the total amount of which was $83.20 (this Davidson Cattle Company check for the sum of $25 which Overstreet had just cashed for appellant, was included in this total of $83.20). After appellant received said checks to be deposited for said Overstreet, he then went back to the home of one Mr. White, near by, where appellant and the witness Earl Gentry were boarding. Gentry went after his horse and appellant went into the White home and spent only a short time there, and during which time he was in the presence of Mr. White or a Miss White. Appellant, in company with said Gentry, left immediately for West Plains, and arrived there during the banking hours of said day; on reaching West Plains, appellant and said Gentry first went to a livery stable and from there appellant went to said First National Bank and made a deposit of $83.20 to the credit of said Thomas Overstreet, and received a deposit slip and delivered same to said Overstreet thereafter. On this deposit slip appeared a deposit of a twenty dollar check and five dollars in currency. The proof clearly shows that the F. M. Willard two dollar check to said Judd had been altered and raised to read twenty dollars, and

this check is the twenty dollar check referred to in the deposit slip of said Overstreet; that the alterations were made in the handwriting of appellant, and to this fact a number of witnesses on behalf of the State so testified, and even one witness for appellant so testified.

The proof further shows that appellant deposited said Davidson Cattle Company check for twenty-five dollars to his own credit instead of placing it to the credit of said Thomas Overstreet, where it properly belonged. The proof further shows that said Overstreet neither sent the five dollars in currency nor any twenty dollar check to be deposited to his credit, but on the contrary, he did send said Davidson Cattle Company check for twenty-five dollars, together with certain other checks of his, amounting to the total of $83.20, which he sent by appellant to be deposited to his credit, as aforesaid.

The testimony shows that the check in dispute circulated as a two dollar check from the day it was made by the prosecuting witness, F. M. Willard, to said Hamon Judd, through the hands of said Hamon Judd to appellant, from appellant to Mrs. Thomas Overstreet, her husband, Thomas Overstreet, and back again to the hands of appellant, on the same day it was deposited by appellant as a twenty dollar check to the credit of said Overstreet.

Appellant testified as a witness in his own behalf and admitted that he bought the check in dispute from said Hamon Judd and paid two dollars for it; but denied that he had Mrs. Overstreet to cash is as a two dollar check, but contended at the second trial that he let Mr. Overstreet have the check. Two witnesses for appellant testified that they saw the check in dispute while held by said Hamon Judd, and that they saw the figures, representing twenty dollars, on said check, but that they did not read the word "twenty" as written out.

The appellant further offered proof that the prosecuting witness, Willard, had made statements showing malice on his part towards him, and that he was prosecuting him for that purpose.

The proof further shows that appellant's reputation for truth and veracity in the community where he lived was not good, and it is admitted in the record that appellant had served two years in the State penitentiary for grand larceny.

At the close of the testimony the court instructed the jury upon all subjects to which the testimony was applicable. The cause was submitted to the jury upon the testimony as adduced at the trial, together with the instructions of the court, and they returned a verdict finding the defendant guilty of forgery in the third degree and assessed his punishment at two years' imprisonment in the State penitentiary. Timely motions for new trial and in arrest of judgment were filed and by the court overruled. Sentence and judgment were entered in accordance with the verdict returned by the jury and from this judgment the defendant prosecuted his appeal to this court and the record is now before us for consideration.

## OPINION.

The defendant is not represented in this court; however, in complicance with the provisions of the statute, we have examined the record before us with the view of ascertaining if any substantial error was committed by the trial court in the disposition of this case, and will give expression to our views resulting from such examination.

## I.

The information upon which the judgment in this cause rests contains every essential element necessary to constitute the offense with which the defendant

was charged. Upon the former appeal of this cause the information was held insufficient, and the defects as pointed out in that information were fully covered in the information in this case; hence, it must be held that this information is sufficient both in form and substance and fully advises the defendant of the nature and character of the crime with which he was charged. [State v. Willard, 219 Mo. 721; Kelley's Crim. Law (2 Ed.), sec. 773.]

## II.

This brings us to the consideration of the instructions as given by the court applicable to the facts developed upon the trial. Instruction numbered 2 substantially declared the law to the jury that if the check in question was changed or altered as defined in the first instruction, and that soon thereafter the defendant had in his possession such check and presented the same at the First National Bank of West Plains, in Howell county, Missouri, then it will be presumed that such alteration was made in Howell county, unless the contrary appears from the evidence. That instruction is in harmony with well-considered cases in this State. [State v. Yerger, 86 Mo. 33; State v. Haws, 98 Mo. 188; State v. Burd, 115 Mo. 405.] GANTT, J., in the case of State v. Allen, 116 Mo. 548, in discussing the proposition involved in instruction numbered 2, as herein suggested, very appropriately made this comment upon the authorities: "SHERWOOD, J., in State v. Yerger, 86 Mo. 33, reviewed the authorities and reached the conclusion that the possession of forged paper, or, at all events, the uttering of it, in the county where the indictment is found, is cogent evidence to be addressed to the jury, that the forgery was committed by defendant in the county. [2 Bishop on Criminal Procedure, sec. 433; Com. v. Talbot, 2 Allen 161; State v. Morgan, 2 Dev. & Bat. 348.] State v.

Yerger was subsequently cited and relied on in State
v. Haws, 98 Mo. 188, to sustain a conviction of forgery,
based upon the presumption arising from the posses-
sion of the forged instrument, and in the recent case
of State v. Burd, 115 Mo. 405.'' Applying the rule as
announced in the Allen case this instruction must be
held to have correctly declared the law.

The most serious proposition with which we are
confronted is the action of the court in giving instruc-
tion numbered 1, authorizing the jury, upon the finding
of the state of facts as embraced in the charge in the
information, to find the defendant guilty of forgery
in the third degree and assess his punishment at im-
prisonment in the penitentiary for a term not less than
two nor more than five years. It will be observed
that this instruction authorized the conviction of the
defendant of an offense, that is, of forgery in the third
degree, which was not embraced nor included in any
manner in the information filed by the prosecuting at-
torney. If this instruction constitutes reversible er-
ror such error was clearly preserved in the fourteenth
gound of the motion for new trial, wherein it is alleged
that ''the court improperly instructed the jury in each
of the instructions on the part of the State as to the
law in the case, and did not instruct as to the whole
law in the case.'' That assignment of error in the
motion for new trial challenges the correctness of all
the instructions given on the part of the State. But
aside from that, if the defendant was convicted of an
offense which was not embraced in the charge made
in the information then this point is also saved by the
motion in arrest of judgment, for the reason that the
information, as well as the verdict and judgment, con-
stitute a part of the record proper, and the motion in
arrest of judgment charges in one of the grounds ''that
upon the record the judgment is erroneous.''

228 Sup—22

The section of the statute upon which the information is predicated, is 2001, which provides that "every person who shall forge or counterfeit, or falsely make or alter, or cause or procure to be forged, counterfeited or falsely made or altered: First, any promissory note, bill of exchange, draft, check, certificate of deposit, or other evidence of debt, being or purporting to be made or issued by any bank incorporated under the laws of this State, or of any State, Territory, government or country; or, second, any order or check being or purporting to be drawn on any such incorporated bank, or any cashier thereof, by any other person, company or corporation, shall, upon conviction, be adjudged guilty of forgery in the second degree." It will be observed that the first subdivision of that section treats of alterations concerning promissory notes, bills of exchange, drafts, checks, certificates of deposit, or other evidence of debt, being or purporting to be made or issued by any bank incorporated under the laws of this State or of any other State, etc. The second subdivision of that section has reference to any order or check being or purporting to be drawn on any such incorporated bank, or any cashier thereof, by any other person, company or corporation. It is manifest under the provisions of that section that forgery in the second degree, as therein defined, must consist of counterfeiting, falsely making or altering either a promissory note, bill of exchange, draft, check, certificate of deposit, or some other evidence of debt, being or purporting to be made or issued by an incorporated bank, or being or purporting to have been drawn on such incorporated bank, or some cashier thereof by any other person, company or corporation.

The offense charged in the information against the defendant falls directly within the provisions of section 2001, for the reason that the defendant is charged with willfully and unlawfully and feloniously

forging, counterfeiting and falsely making and altering a certain check purporting to be made by one F. M. Willard, under the name of F. M. Willard, on the First National Bank of West Plains, Missouri, a corporation duly incorporated and existing under the laws of the United States.

It is obvious that the court by instruction numbered 1 authorized the conviction of the defendant of the offense of forgery in the third degree as it is embraced in section 2009, Revised Statutes 1899. That section provides that "every person who, with intent to injure or defraud, shall falsely make, alter, forge or counterfeit any instrument or writing, being or purporting to be the act of another, by which any pecuniary demand or obligation shall be or purport to be transferred, created, increased, discharged or diminished, or by which any rights or property whatsoever shall be or purport to be transferred, conveyed, discharged, increased or in any manner affected, the falsely making, altering, forging or counterfeiting of which is not hereinbefore declared to be forgery in some other degree, shall, on conviction, be adjudged guilty of forgery in the third degree." Manifestly that section does not embrace the character of instruments purporting to have been issued by incorporated banks or drawn upon incorporated banks or cashiers thereof, for the reason that in express terms the instruments embraced in and the offense defined by section 2001 are excluded from the provisions of section 2009.

It will be observed that under the provisions of the last quoted section, 2009, the nature and character of the instruments are designated, as well as the nature and character of the alterations essential to constitute an offense of forgery in the third degree; then follows the express language which excludes it from the provisions of section 2001, where it is said in the closing part of section 2009, that "the falsely mak-

ing, altering, forging or counterfeiting of which is not hereinbefore declared to be forgery in some other degree, shall, on conviction, be adjudged guilty of forgery in the third degree." In other words, that section in effect substantially declares that a check drawn (as the one in the case at bar) upon any incorporated bank or any cashier thereof by some other person, company or corporation, which has been counterfeited, forged or altered, shall constitute forgery in the second degree, and does not constitute forgery in the third degree under the provisions of section 2009. Stating the proposition in another form, it is that the forging or altering of a check drawn by any person, company or corporation upon any incorporated bank is declared, under the provisions of section 2001, to be forgery in the second degree; hence, it follows that the defendant, upon the charge in the information, could not be convicted of forgery in the third degree, for the reason that in the language of the statute the offense with which he was charged and which the testimony tended to show him guilty of had hereinbefore been declared by the provisions of section 2001 to be forgery in the second degree, and the provisions of section 2009, in substance, make the offense of forgery in the third degree conditional that the instrument charged to have been forged or altered has not hereinbefore been declared to be forgery in some other degree. Upon this state of the record we are unable to see any escape from the conclusion that the verdict and judgment in this cause is erroneous.

In support of this finding and judgment disclosed by the record, convicting the defendant of forgery in the third degree, the learned Attorney-General directs our attention to the provisions of section 2535, Revised Statutes 1899, which in substance provides that judgments and other proceedings shall not be stayed, arrested or in any manner affected for any error committed at the instance or in favor of the defendant,

or because the evidence shows or tends to show the
defendant guilty of a higher degree of the offense
than that of which he was convicted. In addition to
this section our attention is also directed to numerous
cases decided by this court supporting judgments find-
ing defendants guilty of lower degrees of crime than
the one charged in the indictment or information.

Obviously the section of the statute to which coun-
sel has directed our attention is not to be construed
as authorizing the conviction of a defendant of a lower
degree of offense which is not embraced within the
charge of the higher degree of the crime. It has been
expressly ruled by this court in State v. Jenkins, 36
Mo. 372; State v. Davidson, 38 Mo. 374, and in State
v. Brannon, 55 Mo. 63, that a defendant charged with
robbery in the first degree cannot be convicted of rob-
bery in the second degree. While there are degrees
of robbery, as well as degrees of forgery, yet a mere
casual reading of the statute defining the different de-
grees will clearly demonstrate that they are separate
and distinct offenses. The old familiar and well-
recognized rule that a defendant cannot complain of
conviction for a lower grade of the crime when the
testimony tends to show him guilty of a higher grade,
can only be maintained upon the theory that in the
charge of the higher grade of crime the lower grade
is necessarily embraced. It is upon this principle
that the cases to which our attention has been directed
maintained the judgments for lower grade of the of-
fenses than the ones charged in the indictments or in-
formations. Applying the rules of law as herein indi-
cated, the defendant was not charged with the offense
of forgery in the third degree, and under the provisions
of the statute cannot be convicted of that offense.

There is no merit in that part of the motion in
arrest of judgment which undertakes to set up a spe-
cial plea in bar of *autrefois acquit*, for the reason
that upon the disclosures of the record he has never

been acquitted of the offense charged in the informa-tion, that of forgery in the second degree. Upon the former trial he was convicted of forgery in the second degree, and upon appeal to this court the information upon which he was tried in that case was held insuffi-cient and the cause remanded for a new trial. Upon the present trial he was neither convicted nor acquitted of such charge, that of forgery in the second degree, but as we have herein pointed out, was erroneously convicted of forgery in the third degree.

We find no error in the instructions given, with the exception of instruction numbered 1, to which we have fully made reference.

The proof developed upon the trial of this cause tends very strongly to show that the defendant is guilty of the offense of forgery in the second degree, and the information upon which he was tried at the last trial charges, as we have herein stated, every essential element of the offense of forgery in the sec-ond degree, but for the errors pointed out in instruc-tion numbered 1 and the verdict as returned by the jury and the judgment as rendered by the court, the judgment in this cause should be reversed and the cause remanded for a new trial. It is so ordered. All concur.