**STATE of Missouri, Respondent,**

**v.**

**Virgil A. POELKER, Appellant.**

**No. 49661.**

Supreme Court of Missouri,

En Banc.

May 11, 1964.

Morris A. Shenker, Hyman G. Stein, Bernard J. Mellman, Charles A. Seigel, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Eugene G. Bushmann, Asst. Atty. Gen., Jefferson City, for respondent.

DALTON, Judge.

On September 15, 1961, an indictment was filed in the Circuit Court of St. Louis County, wherein it was charged that: "Virgil A. Poelker, a resident of the County of St. Louis * * * on or about the 15th day of April, A.D. nineteen hundred and sixty one at said County of St. Louis, * * * did wilfully and unlawfully, with intent to evade income tax, make and file with the Director of Revenue of the State of Missouri, a false income tax return for the period from January 1, 1960 to December 31, 1960 inclusive, the said Virgil A. Poelker having made a false return by 're-porting his gross taxable income at * * * $15,000, when in truth and fact, * * * his gross taxable income was * * * $18,000, * * *.' "

On trial to a jury, defendant was found guilty of the offense charged in the indictment and the court in its discretion, as provided by Section 143.330(4) RSMo 1959, V.A.M.S., fixed defendant's punishment at a fine of $1,000. Defendant has appealed from the judgment entered against him.

■ The offense of which defendant was found guilty and sentenced is a misdemeanor, but inasmuch as the defendant on this appeal claims that his constitutional rights have been infringed and due process violated, the jurisdiction of this appeal is in this Court. State v. Civella, Mo.Sup., 368 S.W.2d 444. Jurisdiction exists whether we find it necessary to rule the mentioned issues or not.

During the tax year 1960 the defendant was a Circuit Judge in St. Louis County and resided at 12152 Olive Street Road, Creve Coeur, which is in St. Louis County. He testified at the trial that he filled out and executed the 1960 income tax return but he did not state where it was prepared and signed. His wife testified that the 1960 income tax return was in her husband's handwriting. She stated that she assembled the papers for the return, but was out of town when it was prepared. Her name on the return was signed by her husband.

In view of the issues presented on this appeal and the conclusions we have reached it will not be necessary to review the evidence further, except to say that the State offered no testimony as to where defendant's 1960 income tax return was either prepared or mailed. The return was stamped "received" in Jefferson City by Clerk No. 20 on April 18, 1961. Since there was no remittance accompanying the return, a notice of the tax due (which is now attached to the official return) was mailed to "Virgil A. and Christine G. Poelker" at 12152 Olive Street Road, Creve Coeur, on May 17, 1961, and on May 25, 1961, Mrs. Poelker issued a check on the St. Johns Community Bank in the sum of $91.18 and mailed it, together with the notice, to the Department of Revenue in Jefferson City, and the return was "processed."

In view of the facts testified to by the defendant himself and not contradicted in any manner by the State's evidence, we shall first consider two of appellant's assignments of error which have to do with venue, one that the verdict-directing instruction is prejudicially erroneous in not requiring the jury to find all the essential elements of the offense charged, among other respects "in failing to require the jury to find that the alleged offense occurred in the County of St. Louis, Missouri." The other claim of error is based on the Court's refusal to sustain motions to dismiss for the reasons that "there was no evidence of any kind showing that the alleged offense was committed in the County of St. Louis, State of Missouri, that the Circuit Court of St. Louis County therefore lacked jurisdiction and venue over this cause, and that the conviction of the defendant was therefore violative of the defendant's constitutional right to be tried in the County where the offense was committed, under Article I, Section 18(a) of the Missouri Constitution and

further violative of defendant's right to due process of law * * *."

Appellant insists that, while the State charged that the defendant, with the intent to evade income taxes, made and filed a false return with the Director of Revenue at the County of St. Louis, State of Missouri, no such evidence was presented at the trial, therefore, the defendant was not afforded his constitutional right of a public trial by an impartial jury "of the county," and that prosecution and conviction of the defendant could not legally be had in a county where there was no evidence to show the offense, if any, had been committed.

At the time in question the Department of Revenue for the State of Missouri maintained a branch office in Maplewood in St. Louis County; but defendant's 1960 Missouri Income Tax Return was not filed there. Defendant testified: "Well, sir the return for 1959 was filed on the last date of the year and I know that usually when they were filed on the last date for the return we drove down and we put our returns in the mail at the main post office in the City of St. Louis. * * * For the year 1960, that was also on 4/15/61 that return was mailed at the main post office in the City of St. Louis."

As indicated above, the indictment expressly charged the commission of the alleged offense in the County of St. Louis. The State, however, submitted the cause to the jury without requiring the jury, under Instruction No. 1 or under any other instruction, to find that the offense charged was in fact committed in St. Louis County.

Instruction No. 1 submitted a finding of guilty, if the jury found "* * * beyond a reasonable doubt, that the defendant, Virgil A. Poelker, on or about the 15th day of April, 1961, filed a joint income tax return with the Director of Revenue, State of Missouri, and that income reported in said return was shown as $15,000.00 for the period of January 1, 1960, through December 31, 1960, and that said return was false,

in that it understated income for said period by $3,500.00 or some portion thereof, and that the defendant filed said return wilfully, knowing it to be false * * *."

Because of the State's position, as hereinafter set out, we find it necessary to review certain statutory provisions.

Section 143.010 RSMo 1959, as amended Laws 1959, H.B.No. 395, § 1, V.A.M.S., in part expressly provides: "Every single individual, a citizen or resident of this state having a gross income in excess of one thousand two hundred dollars, and every married couple, citizens or residents of this state having a gross income in excess of two thousand four hundred dollars, shall file an income tax return or returns, and pay a tax upon net income received, from all sources during the preceding year in excess of the exemptions herein provided. * * *"

Section 143.230 RSMo 1959, V.A.M.S. provides: "Everyone who is subject to a tax based on income shall on the second day of January of each year or as soon thereafter as practicable, apply to the director of revenue for a proper blank on which to make a return of income for the preceding year. The return shall be filed with the director of revenue on or before the fifteenth day of April next following, except in cases * * *." (The exceptions do not apply in this case.)

Assuming but not deciding that the above statutes refer to and require the filing of true and correct income tax returns, nevertheless it is clear that the indictment in question was not intended to be based upon a violation of either of these statutes.

Section 143.330(4) RSMo 1959, V.A.M.S., provided: "Any individual * * * required under this chapter to pay a tax, make a return * * * who willfully fails to pay such tax, make such return * * * *or attempts in any manner to defeat or evade the tax,* shall, in addition to all other penalties provided in this section, be guilty of a misdemeanor and, upon conviction

thereof, be fined not more than one thousand dollars, or imprisoned for not more than one year or both, *at the discretion of the court,* together with the costs of prosecution." (Italics ours.) The section was amended by Senate Bill 128, approved July 7, 1961, Laws 1961, page 616, and the words "or willfully makes a false return," are now included.

Article I, Section 18(a) of the Constitution of Missouri, 1945, V.A.M.S., relied upon by appellant, in part, provides: "That in criminal prosecutions the accused shall have the right to * * * a speedy public trial by an impartial jury of the county."

Section 541.030 RSMo 1959, V.A.M.S. provides that: "Offenses committed against the laws of this state shall be punished in the county in which the offense is committed, except as may be otherwise provided by law." Of course, defendant's constitutional and statutory right to a trial by a jury in the county where the alleged offense occurred was a personal privilege which could be waived, but no waiver is in issue here. See State v. Page, Mo.App., 186 S.W. 2d 503, 507.

Section 541.035 RSMo 1959, V.A.M.S. provides that: "Offenses for failure or refusal to comply with any law requiring a report to be filed or made in or to the state of Missouri, or any department or officer thereof, shall be held to be committed in the county of the residence of *the person failing or refusing to file or make such report,* except where the person shall reside without the state of Missouri, in which event the unlawful act is deemed to have been committed in the county wherein the report is required by law to be filed." (Italics ours.)

As indicated, appellant contends that the record is "totally void of any evidence that the crime alleged to have been committed by the defendant was committed in St. Louis County, Missouri as charged in the indictment." Appellant concedes "that venue may be established as any other fact * * * and it is considered established if

the jury could have reasonably found from the facts and circumstances in evidence that the crime occurred in the county in which the trial took place." Appellant further concedes that if there had been "shown, by direct or circumstantial evidence, that the defendant filed a false income tax return in the County of St. Louis or if facts were adduced from which the jury could reasonably infer such fact, venue perhaps would have been established, even though there was no express statement by any witness that the same occurred in St. Louis County," citing State v. Hartwell, Mo.Sup., 293 S.W.2d 313, 318.

When the issue of venue was being considered in the trial court after the defendant had filed a motion to dismiss at the close of the State's case, counsel for the State stated: "It is the State's opinion, coinciding with what I understand, not with any cases, but with the Circuit Court's rulings, thus far in the State of Missouri, venue is properly in the taxpayer's County of residence for wilfull filing of false return."

The cause was apparently submitted to the jury on that basis, since the instructions did not require a finding that the offense was committed in St. Louis County, but the evidence showed that defendant resided in St. Louis County, and such fact appeared both by defendant's 1960 Missouri Income Tax Return and by the testimony of defendant himself.

This Court in State v. Civella, supra, 368 S.W.2d 444, 446, where defendant had been charged and convicted of the offense of "willfully failing to file an income tax return for the year 1957," and an appeal had been taken to this Court, said: "In this case appellant had the duty to file an income tax return with the director of revenue. He was afforded the right to comply with that duty in several places, including Jackson County, the county of his residence. His willful failure to comply with that duty constituted an offense at the place or places where he failed to comply, one of which was Jackson County. Therefore, without

reliance upon Section 541.035 the indictment of appellant was properly found in Jackson County, and the trial was properly held there pursuant to the information substituted for the indictment. We need not now concern ourselves with the question of whether, by reason of Section 541.035, Jackson County would be the only place where the offense could be charged."

Apparently, the State now seeks to consider the case as one charging a failure or refusal to file a true and correct 1960 income tax return and, in effect, seeks to rely on the Civella case when, in its printed brief in this Court, it makes the following argument: "Appellant, in the case at bar, had a duty to file a correct return at the main office of the Department of Revenue in Cole County or at one of the various branch offices. Failing in this duty he was subject to prosecution in any of the counties where he should have filed a correct return. The state chose to prosecute in St. Louis County and since this is one of the counties where appellant was under an obligation to file then they established a prima facie showing of venue. The record shows that a branch office was located in St. Louis County at the time the offense was committed. This was perhaps circumstantial evidence to show that the crime was committed there but this Court has on many occasions held that the degree of proof needed to sustain a showing of venue can be merely circumstance [sic] which tends to the satisfactory conclusion that the crime was committed in the county where prosecution was held," citing State v. Haun, Mo. Sup., 324 S.W.2d 679, 682; State v. Heissler, Mo.Sup., 324 S.W.2d 714, 716. The State also contends that: "Since appellant took no action to transfer this case to the county in which he believed the crime was committed, he has in effect waived his right to be tried in the county where the offense may have taken place," citing State v. Lynn, 169 Mo. 664, 70 S.W. 127, 129; State v. Harmon, Mo.Sup., 243 S.W.2d 326, 328, and Section 541.120 RSMo 1959, V.A. M.S.

■ No facts or circumstances constituting a waiver of proper venue appear from this record, nor do we find the facts and circumstances shown by the record to be sufficient to support an inference that the return was prepared in St. Louis County, and even if prepared there that it was filed with the Director of Revenue in that county. Nor does Section 541.120 RSMo 1959, V.A.M.S. apply here, since the court made no orders in reliance thereon.

■ We find no statute fixing venue for the prosecution of one charged with an offense under Section 143.330, supra, such as the one here where defendant is charged with wilfully and unlawfully, with intent to evade income tax, making and filing with the Director of Revenue of this State a false income tax return. Nor have the appellate courts of this State determined the matter. It would seem that venue in such a case is governed by Section 541.030, supra. The offense with which defendant was charged is clearly not one for failing or refusing to file an income tax return with the Director of Revenue, nor is venue governed by Section 541.035, supra. Nor does the State contend that there is any evidence in this record from which an inference could be drawn that the offense was committed in St. Louis County and, as stated, such an issue was not submitted to the jury. Nor does the State contend that the false return was prepared by defendant in St. Louis County. No facts or circumstances, other than the mere residence of defendant in St. Louis County, are pointed out to us as being sufficient from which such an inference could be drawn. We think that proof of mere residence of the defendant in the county where the charge is filed is wholly insufficient for venue purposes. See State v. Kenyon, 343 Mo. 1168, 126 S.W.2d 245, 254 [20–23]; and State v. Hartwell, supra, 293 S.W.2d 313, 318, where the facts and circumstances shown in evidence were held sufficient to show proper venue. As stated, the evidence here fails to show that the false return was filed at the branch office of the Department of Revenue in St.

Louis County. Apparently, the 1960 income tax return was sent directly from the City of St. Louis to Jefferson City, and there is no evidence that it was filed with the Director of Revenue of the State of Missouri at any other place than Cole County.

The crime charged in this case against defendant is quite different from the crime of *forgery* and it cannot be handled by the Court in a similar manner. It was pointed out in the case of State v. Hawkins, Mo. Sup., 361 S.W.2d 775, 778 [3], that "Due to the difficulty of proving the place of a forgery, the courts of this state have, in some instances, indulged in prima facie presumptions in order that a case may be made in the absence of evidence contradictory to the prima facie presumption so indulged. In these cases, it has been stated that possession of a forged instrument, or, at all events, the uttering of it in the county where the indictment or information is found is cogent evidence to be addressed to the jury that the forgery was committed by the defendant in that county. State v. Yerger, 86 Mo. 33, 39; State v. Willard, 228 Mo. 328, 128 S.W. 749, 751–752; State v. Douglas, 312 Mo. 373, 278 S.W. 1016, 1022." Even then the prima facie presumption must be submitted to a jury for a finding of proper venue. See State v. Willard, supra, 228 Mo. 328, 128 S.W. 749, 751. But no such rule can apply here where the offense is not complete until the false income tax return is filed with the Director of Revenue with intent to evade payment of the proper tax.

■ Where the evidence is insufficient to support a finding that venue of the charge filed against the defendant, and of which he was convicted, was properly laid, the judgment of conviction cannot stand. See State v. Hawkins, supra, 361 S.W.2d 775, 778 [1].

In order to sustain the charge made against this defendant in the indictment, as hereinbefore set out, it was necessary for the State to prove that the defendant wilfully and unlawfully, with intent to evade income tax, prepared and signed a false income tax return for the period of time mentioned, and, as charged, *filed the said income tax return with the Director of Revenue of the State of Missouri in the said County of St. Louis.* The state failed to prove the venue of the offense charged.

The judgment is reversed and the cause remanded.

STORCKMAN, HYDE and HOLMAN, JJ., concur.

EAGER, C. J., and LEEDY, J., concur in result.