**STATE** of Missouri, Appellant,

v.

**Walter E. NOLAN, Respondent.**

No. 52299.

Supreme Court of Missouri,
Division No. 2.

July 10, 1967.

Motion for Rehearing or to Transfer to Court
en Banc Denied Sept. 11, 1967.

Norman H. Anderson, Atty. Gen., Howard L. McFadden, Asst. Atty. Gen., Jefferson City, for appellant.

Orville Richardson, St. Louis, for respondent.

PRITCHARD, Commissioner.

■ Upon petition of respondent, here and in the trial court represented by able appointed counsel, respondent's 1943 conviction and sentence of fifty years assessed by a jury for robbery in the first degree was by the trial court set aside and a new trial was ordered. Respondent's conviction was affirmed by this court, State v. Nolan, Mo., 171 S.W.2d 653. The state's right of appeal in proceedings such as this under Supreme Court Rule 27.26, V.A.M.R. (a final judgment being set aside), was settled in State v. Parker, Banc, Mo., 413 S.W.2d 489, Nos. 51,972, 51,973 and 51,974. See also §§ 547.200, 547.210, RSMo 1959, V.A.M.S., and Supreme Court Rule 28.04, V.A.M.R.

By amended information, respondent was charged with robbery in the first degree "with force and arms," which occurred in 1929 after the statute was amended authorizing imposition of a sentence of ten years' imprisonment to death for the aggravating fact of such robbery being committed "by means of a dangerous and deadly weapon." (This latter fact was *not* charged in the amended information.) See § 3310, R.S.Mo. 1919, and the amended statute, § 4061, R.S.Mo. 1929, the latter being in force today except that in 1943 an amendment was added reducing the minimum punishment from ten to five years, which is incorporated in § 560.135, RSMo 1959, V.A.M.S.

There was evidence that respondent did, on March 23, 1929, commit the robbery "at the point of a revolver." State v. Nolan, loc.cit. 171 S.W.2d 654 [1]. The jury was instructed that "the defendant, Walter E. Nolan, with force and arms, by means of a dangerous and deadly weapon, to-wit: a pistol, feloniously did make an assault upon one Joseph Rapp by pointing a pistol at him * * *" The jury returned its verdict: "We, the jury in the above entitled cause, find the defendant guilty of Robbery 1st Degree, by means of a dangerous and deadly weapon, and assess the punishment at imprisonment in the penitentiary for fifty years. (Signed) Fred H. Brushwitz, Foreman."

Respondent's contention was and is that the trial court in 1943 had no jurisdiction to sentence him for robbery by means of a dangerous and deadly weapon because he had not been charged with that offense; the sentence was an illegal violation of his right to be informed of the nature and cause of his accusation, guaranteed by Mo. Const.1875, Art. 2, § 22, and the Sixth and Fourteenth Amendments of the Constitution of the United States.

The state first says "The trial court was without jurisdiction to discharge petitioner on motion to vacate on the point at issue because this court has previously ruled the point adversely to him on two different occasions and for the further reason that the issue passed on goes to a mere irregularity and not a fundamental error." It is said that the first occasion where this court ruled the point against respondent was on the original appeal, "We have examined the record proper and find it free from error." State v. Nolan, loc.cit. 171 S.W.2d 655. At the time of the original appeal, the "record proper" consisted in part of the information, the verdict and judgment. State v. Willard, 228 Mo. 328, 128 S.W. 749. The original record here does contain the questioned information, the instruction, and the verdict above mentioned. The second occasion was in 1962 when respondent filed his application for a writ of habeas corpus al-

leging, among other matters, that his imprisonment was unlawful because the information upon which he was tried did not charge him with the crime of robbery in the first degree by means of a dangerous and deadly weapon; and that the verdict of the jury found him guilty of a crime with which he was not charged in the information. The application for said writ was denied on September 10, 1962, "for failure to state a claim upon which relief may be granted."

 Respondent was not represented by counsel on the original appeal and filed no brief. The case was reviewed upon the assignments of error in the motion for new trial, none of which raises an issue of the necessity for pleading aggravating circumstances which would authorize the imposition of additional punishment. In the habeas corpus proceeding, although the matter of the charge omitting the allegation of robbery with a dangerous and deadly weapon was mentioned, respondent, again not represented by counsel, stated no reason why matters in aggravation should be pleaded. If the infirmity in the information existed at the time of the 1943 review, or at the time of the habeas corpus application, and was not disposed of, it still exists, and it constitutes a ground for collateral attack and the matter, quite apparently not fully considered in the aspects now presented, may be corrected under the broad provisions of said Rule 27.26. The prevailing view is that proceedings in habeas corpus, not disposed of on the merits, are not res adjudicata. 25 Am.Jur. Habeas Corpus, § 156, p. 250, and pocket part; 39 C.J.S. Habeas Corpus § 105, p. 698, and pocket part; Anno. 161 A.L.R. 1332; as to Federal Courts, Anno. 92 L.Ed. 1381 et seq.; notably the case of United States ex rel. McCann v. Thompson (C.C.A.2d), 144 F.2d 605, 606, 156 A.L.R. 240, where Judge Learned Hand said, "While it is quite true that an order dismissing one writ of habeas corpus does not formally estop the relator from suing out another on the same grounds, that does not mean that he may

again and again call upon the court to repeat its rulings. Even this great writ can be abused, and when the question has once been decided upon full consideration, there must be an end, else the court becomes the puppet of any pertinacious convict. Salinger, Jr. v. Loisel, United States Marshal, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989; United States ex rel. Bergdoll v. Drum, 2 Cir., 107 F.2d 897, 129 A.L.R. 1165." In this state see Ex parte Clark, 208 Mo. 121, 106 S.W. 990, 996, 15 L.R.A.,N.S., 389, quoting Weir v. Marley, 99 Mo. 484, 12 S.W. 798, "That the doctrine of res adjudicata is not applicable to the case of a refusal to discharge, and that the prisoner is entitled to the opinion of all the courts or officers authorized in a given cause to issue the writ as to the legality of his imprisonment, is conceded, and is not limited in this state by statutory enactment, except in the one particular that the applicant for the writ in his petition must state 'that no application has been made or refused by any court officer or officer superior to the one to whom the petition is presented.'" In State v. Goodwin, Mo., 396 S.W.2d 548, a previous hearing on the prisoner's application for a writ of habeas corpus, a full evidentiary proceeding, with all relevant documents presented, was had, hence, as properly held, there was no basis for the Rule 27.26 proceedings. So also in State v. Thompson, Mo., 324 S.W.2d 133. Under the particular circumstances of this case, respondent is not barred from presenting the matter of failure to plead the aggravating fact of his use of a dangerous and deadly weapon in the robbery for which he was found guilty.

The state next says that "The information herein was sufficient to apprise the petitioner of the cause and the nature of the offense for which he was convicted." The argument proceeds: "Obviously all parties involved regarded the words used in the information as charging the use of a weapon. In support of this contention we draw on several sources." First, the state says respondent himself knew, as evidenced by the

statement in his present motion to vacate, that at the time of the voir dire examination of the jury panel the state intended to try the case under R.S.Mo. 1929, § 4061, Clause 1, robbery in the first degree by means of a dangerous and deadly weapon. Second, the trial judge permitted a continued qualification of the panel on the death sentence and subsequently instructed the jury thereon, all without objection.

■■ The amended information charging first degree robbery "with force and arms" (although that phrase is "superfluous and a meaningless bit of antiquity", State v. Pope, Mo., 364 S.W.2d 564, 568) does not charge that the act was done by means of a dangerous and deadly weapon. Respondent had a right to rely upon the accusation of the information, which, as worded, would not make a graver penalty applicable under § 4061, R.S.Mo. 1929. Mo.Const.1875, Art. 2, § 22, "In criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel; to demand the nature and cause of the accusation; * * *" There is no waiver as claimed by the state; this for the reason that the burden was on the state to prove the charge in the amended information. The charge "with force and arms" does not include the allegation that the robbery was committed by means of a dangerous and deadly weapon. The charge in State v. Moore, Mo., 80 S.W.2d 128, did contain that allegation which invoked the more severe penalty prescribed by said § 4061, R.S.Mo. 1929, and upon the only issue there involved it was held that the fact the information failed to allege that the pistol was loaded did not keep it from being a dangerous and deadly weapon. So also in the cited case of State v. Kowertz, 324 Mo. 748, 25 S.W.2d 113, 115. The concealed weapons law has no analogy, although it refers to any kind or description of a dangerous or deadly weapon (§ 564.610, RSMo 1959, V.A.M.S.; § 4029, R.S.Mo 1929), because there is no increased penalty provided. The felony-murder rule has no application. The fact that a murder is committed in connection with the commission of a felony merely supplies the elements of deliberation and premeditation necessary to a finding of first degree murder under the statute—it is not a situation of enhanced punishment for aggravating facts.

■ In State v. Pope, Mo., 364 S.W.2d 564, 568 [4, 5], it was said, "* * * [T]he element of a dangerous and deadly weapon goes merely to the penalty, State v. Vigus, Mo., 66 S.W.2d 854; it is not a charge of a separate offense, as such. Section 560.-135. * * *." The state says, "It is not always a fundamental or constitutional requirement that matters in aggravation be pleaded before they may be applied." Judgments of convictions entered simultaneously are required to run consecutively under statutes (§ 222.020 and § 546.480, RSMo 1959, V.A.M.S.) and are applicable after trial or plea—they are not a matter, as here, for which there exists a burden on proof at a trial.

In 27 Am.Jur. Indictments and Informations, § 92, p. 653, it is said, "In some jurisdictions statutes have been enacted which, without setting up more than one offense or more than one degree of the same offense, permit the infliction of a heavier sentence where it is shown that the accused committed the crime in question under circumstances showing aggravation. The decisions construing these statutes which vary the punishment for a given offense according to its enormity have generally taken the position that in order to justify the imposition of the higher sentence, it is necessary that the matter of aggravation relied upon as calling for such sentence be charged in the indictment or complaint." See also 42 C.J.S. Indictments and Informations § 145a, p. 1056. The only exception to this general rule is where the punishment is committed to the discretion of the court, the distinguishable situation in Rell v. State, 136 Me. 322, 9 A.2d 129, relied upon here by the state. For a collection of cases holding that the indictment or information must charge aggravating circum-

stances see 125 A.L.R. 605, and later cases: Jordan v. United States District Court for Dist. of Col., 98 U.S.App.D.C. 160, 233 F.2d 362; Howard v. District of Columbia, Mun.C.A.D.C., 132 A.2d 150; Merrill v. Gladden, 216 Or. 460, 337 P.2d 774, 778 [7]; State v. Blacker, 234 Or. 131, 380 P.2d 789, 792 [2–4]; Owens v. State, 162 Tex. Cr.R. 212, 283 S.W.2d 749, 751; State v. Stewart, 255 N.C. 571, 122 S.E.2d 355, 356 [2]. See also Aderhold v. Pace, C.C.A.Ga., 65 F.2d 790; Meyers v. United States, C. C.A.Tex., 116 F.2d 601. In connection with the holding that the 1927 Act, § 4428, R. S.Mo. 1929, adding punishment for prior convictions, did not repeal the 1919 Habitual Criminal Act, the court in State v. Taylor, 323 Mo. 15, 18 S.W.2d 474, 477 [6], said (by way of dicta), "The information in this case did not allege that the robbery charged against appellant and his codefendants was committed 'by means of a dangerous and deadly weapon.' In the absence of such allegation, the graver penalty under section 3310, p. 174, Laws 1927, could not have been imposed."

The state's contention that the amended information cured any deficiency in the information here at issue is answered that the same was *not* amended to include the allegation that the robbery was committed with a dangerous and deadly weapon so as to authorize an enhanced punishment. The only amendment which appears from the record is that which alleges previous convictions. The statute of jeofails, §§ 545.290, 545.300, RSMo 1959, V.A.M.S., cannot be used to supply the missing allegation. Compare State v. Hancock, 320 Mo. 327, 7 S.W.2d 273, 274 [1, 2]; and the matter omitted is not cured or aided by the verdict, 42 C.J.S. Indictments and Informations § 312, p. 1343 et seq. "The Statute of Jeofails * * * simplifies criminal pleadings to some extent in regard to clerical errors and omissions, but leaves the common-law requirements of exactitude and completeness unrelaxed." State v. Anderson, 298 Mo. 382, 250 S.W. 68, 70 [1];

State v. Stringer, 357 Mo. 978, 211 S.W.2d 925, 928; State v. Harris, Mo., 313 S.W.2d 664, 669; State v. Fenner, Mo., 358 S.W.2d 867, 870; and State v. Elgin, Mo., 391 S. W.2d 341, 343.

The sentence here, being based upon a finding of the jury of an aggravated fact not charged in the information, is illegal. The trial court was without power or jurisdiction to impose that sentence. Thus no objection was necessary to preserve the matter for this collateral proceeding under Supreme Court Rule 27.26, supra.

The judgment granting a new trial is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.