## *In re* PRICE.

ABANDONMENT—CRIMINAL LAW—VENUE—HUSBAND AND WIFE—DESERTION—JURISDICTION.

> Desertion of a wife by the husband takes place in the county of which the wife is a legal resident, and in which she becomes dependent, so that a prosecution under Act No. 144, Pub. Acts 1907, is properly brought in the county of her legal residence although the husband never lived there.

Habeas corpus by Herbert W. Price against Leo J. Rimmele, sheriff of Saginaw county, to secure his discharge from custody after conviction. Submitted February 27, 1912. (Calendar No. 25,034.) Writ denied February 29, 1912.

*Thomas W. Payne,* for petitioner.

*Bird J. Vincent,* Assistant Prosecuting Attorney, for respondent sheriff of Saginaw county.

STONE, J. The return of the sheriff of Saginaw county shows that the petitioner, after criminal proceedings taken against him for desertion and abandonment of his wife, has been convicted of that offense in the circuit court for the county of Saginaw, and after conviction was remanded,

by order of the said court, to the custody of the said sheriff to await sentence, and is now in such custody; the proceedings being substantially as follows: After due arrest upon a warrant issued upon complaint of his wife, and after due examination under the statute, and after having been duly held for trial in the circuit court aforesaid, an information was duly filed, charging that the petitioner, on, to wit, the 2d day of April, 1911, at the city and county of Saginaw, unlawfully and feloniously did desert and abandon one Amy V. Price, she, the said Amy V. Price, being then and, there, and from thence hitherto until the 3d day of July, 1911, the wife of the said Herbert Price, without providing her, the said Amy V. Price, with proper food, care, and clothing, and did then and there feloniously and unlawfully leave said Amy V. Price, his said wife, as aforesaid, a burden upon the public, within the meaning of Act No. 144 of the Public Acts of the State of Michigan of 1907, contrary, etc The petitioner, upon arraignment, having stood mute, a plea of not guilty was entered by order of the court, and a trial by jury was had, resulting in a verdict of guilty, and said petitioner is now in the custody of the sheriff, by order of said court, awaiting sentence

In his petition for the writ of habeas corpus, the only illegality complained of by petitioner is:

"That the circuit court for the county of Saginaw has not got jurisdiction for wife abandonment by your petitioner, inasmuch as your petitioner never lived with the complaining witness in the city of Saginaw, county of Saginaw, that your petitioner was married to the complaining witness when she was a resident of Grand Rapids, county of Kent, and your petitioner, at the time of said marriage, was a resident of Marquette county, State of Michigan. That your petitioner, at the time of his arrest, was a resident of Wayne county, State of Michigan, and never was a resident of Saginaw county. That if your petitioner is guilty of abandonment he did not commit abandonment in the county of Saginaw, as alleged."

Upon the hearing before this court, it was conceded by

the petitioner that the said Amy V. Price became a legal resident of the city and county of Saginaw in the month of September, 1910, and so continued to the time of his trial, as aforesaid. The single question for our consideration, therefore, is whether, under the circumstances above disclosed, the circuit court for the county of Saginaw had jurisdiction to hear and determine said criminal case.

The statute provides that:

"Any person who deserts and abandons his wife, or deserts and abandons his minor children under fifteen years of age and without providing necessary and proper shelter, food, care and clothing for them, shall upon conviction be deemed guilty of a felony," etc.

After making provision for suspended sentence upon the giving of a bond, and providing for a modification of the order in certain cases, the statute provides that, in case of sentence to one of the State prisons, the warden where such convicted person is confined shall pay over to any of the superintendents of the poor of the city or county in which the wife or children of such person resides a certain sum for her or their support, said sums to be expended by said superintendents of the poor for the care and support of the wife or children of said person, as the case may be; and it is made the duty of the superintendents of the poor of the city or county from which such person shall be committed to furnish the warden of the prison in which such person is confined with a sworn statement, showing the names of the wife and children who are left dependent upon the city or county for support, etc.

Section 4 of the act provides that:

" Any of the superintendents of the poor of the city or county, or the county agent of the State board of corrections and charities for the county wherein the wife or minor children of the person complained of reside, may make the complaint."

It seems clear to us that, the wife being a legal resident

of Saginaw county, the offense is committed in failing to perform the duty of support imposed by law, in that county. That is the proper county of the venue.

In 12 Cyc., at page 237, it is said:

"It has been held that the crime of abandoning one's family is properly laid in the county where the accused sent his wife and children, and where they became dependent, although he may never have been in that county"—citing *Johnson* v. *People*, 66 Ill. App. 103.

In 29 Cyc. p. 1678, the author says:

"In order to warrant a conviction for abandonment, the desertion must have taken place within the State; but the place where the children were, and not where the father was, at the time or during the period complained of, fixes the venue of a prosecution for nonsupport of the children" —citing *Bennefield* v. *State*, 80 Ga. 107 (4 S. E. 869); *State* v. *Peabody*, 25 R. I. 544 (56 Atl. 1028).

In *Johnson* v. *People, supra,* the court said:

"It may be conceded that under the laws of this State a defendant can only be tried in the county where the offense was committed. Hence, if the defendant in this case did not abandon his wife and children in Peoria county, he was improperly tried and convicted there. But it is to be observed that the personal presence of the offender is not always an indispensable element in fixing the local jurisdiction of a criminal offense. A crime is, in legal contemplation, committed in the place where the doer's act takes effect, whether he is himself in such place or not; in this way one may even perpetrate an offense against a State or county upon whose soil he never set foot. 1 Bishop's New Crim. Proc. § 53; 1 Bishop's New Crim. Law, §§ 110, 111."

To the same effect are the following cases: *Cleveland* v. *State*, 7 Ga. App. 622 (67 S E 696), where it was held that the offense of abandoning one's child and leaving it in a dependent condition is consummated, and in the legal sense committed, in the county where the state of the child's dependency upon others begins, on account of the withdrawal by the father of his presence and aid in the way of support *State* v *Sanner,* 81 Ohio St. 393

(90 N. E. 1007, 26 L. R. A. [N. S.] 1093), where it was held that, as to some crimes, the physical presence of the accused at the place where the crime is committed is not essential to his guilt; citing *Burton* v. *United States*, 202 U. S. 344–387 (26 Sup. Ct. 688, 6 Am. & Eng. Ann. Cas. 362); *Norris* v. *State*, 25 Ohio St. 217 (18 Am. Rep. 291); *Lindsey* v. *State*, 38 Ohio St. 507. To the same effect is the case of *State* v. *Dvoracek*, 140 Iowa, 266 (118 N W. 399), where it was held that one who neglected to provide for his wife and children, in violation of the statute, was properly indicted in the county in which the duty to provide for them should be discharged; that is, in the county where they resided.

We are of opinion that the circuit court for the county of Saginaw had jurisdiction to hear and try the case; that the petitioner is not entitled to be discharged from cus tody; and it is the order of the court that he be remanded to the custody of the sheriff who produced his body in court.

MOORE, C. J., and STEERE, MCALVAY, and BROOKE, JJ., concurred.