THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH F. COLBERT, Appellant.

First Department, November 28, 1941.

*Elvin N. Edwards,* for the appellant.

*Stanley H. Fuld, Assistant District Attorney,* of counsel [*Harris B. Steinberg, Deputy Assistant District Attorney,* with him on the brief; *Thomas E. Dewey, District Attorney*], for the respondent.

CALLAHAN, J. Defendant has been convicted in the Court of Special Sessions of the City of New York, county of New York, of two violations of the New York State Tax Law based on his failure to file tax returns, and to pay State income taxes for the years 1938 and 1939.

The sole question presented on this appeal is whether the courts of New York county had jurisdiction of the offenses charged.

The statute requires that returns be made, and that taxes be paid to the State Tax Commission. The main office of the New York State Tax Commission is in Albany county. Defendant claims that only the courts of that county had cognizance of the offenses. The People contend, on the other hand, that, pursuant to authority conferred by statute, the Tax Commission had adopted regulations having the force of law which created a district office in the county of New York, and that, under said regulations, returns might have been made and taxes paid in New York county. They contend, therefore, that defendant committed the misdemeanors charged in New York county as well as in Albany county.

It is agreed by the parties that when a crime involves failure to perform a prescribed act, venue or jurisdiction is in the county where the act is required to be performed. The authorities are uniform in stating this to be the rule. ( *United States* v. *Lombardo,* 241 U. S. 73; *Rumely* v. *McCarthy,* 250 id. 283; *People* v. *Mueller,* 255 App. Div. 316; *United States* v. *Commerford,* 64 F. [2d] 28; certiorari denied, 289 U. S. 759; *Bowles* v. *United States,* 73 F.

[2d] 772; certiorari denied, 294 U. S. 710; *United States* v. *Clayton-Kennedy,* 2 F. Supp. 233; *New York Central & H. R. R. Co.* v. *United States,* 166 Fed. 267; *People* v. *Allen,* 360 Ill. 36; 195 N. E. 478.)

The rule referred to was stated in *New York Central & H. R. R. Co.* v. *United States* (*supra,* at p. 269) as follows: " When an offense consists of an omission to do an act required by law, the commission of the offense necessarily takes place where the act ought to have been done."

The various provisions of the Tax Law which are material and relevant to our inquiry as to the place where venue might be laid in the present case are the following: Section 367 of the Tax Law provides that taxpayers having a stated gross income shall make a return, stating the items of said income, and the deductions and credits allowed.

Section 371 provides that returns shall be made to the State Tax Commission on or before the dates specified in the section.

Section 372 authorizes the State Tax Commission to administer and enforce the law, and provides that for said purposes it may divide the State into districts, in each of which a branch office of the State Tax Commission may be maintained.

Subdivision 4 of section 376 of the statute states that any one, who with intent to evade any tax or any requirement of the statute shall fail to pay the tax, or to make a return, as required by or under the provisions of the statute, shall be guilty of a misdemeanor. Subdivision 6 of the same section says that a failure to do any act required by or under the provisions of the statute shall be deemed an act committed in part at the office of the State Tax Commission in Albany.

Section 383 of the statute provides that the State Tax Commission is authorized to make such rules and regulations as it deems necessary to enforce the provisions of the law.

In the trial court the People attempted to support jurisdiction on a different theory from that which they now assert. They took the position then that venue was properly laid in New York county because the defendant was a resident of that county and was present therein on the tax dates involved. Proof was introduced on the trial to show these jurisdictional facts. The People, however, introduced no proof to establish the provisions of the regulations adopted by the State Tax Commission. Nor did they offer any sworn testimony to prove that any branch office of the State Tax Commission had been maintained in New York county. However, in the argument of counsel in the trial court, reference was made to the existence of provisions in the statute authorizing

the making of rules. In addition, the assistant district attorney stated to the court: " There are a number, I believe six places throughout the State, where subdivisions of the State Tax Commission are maintained."

It is the contention of the People on this appeal that, even though they erred below in claiming jurisdiction because of residence, or actual presence of the defendant, the trial court was required to take judicial notice of the provisions of the Income Tax Regulations creating an office in New York county, and that the failure to file in that office afforded the basis of jurisdiction. The People further contend that, in any event, this court may receive copies of the regulations to supplement this record in order to avoid a new trial. The last contention is based on the right of an appellate court to receive record evidence of an indisputable fact to sustain a judgment appealed from. (See *People* v. *Flack*, 216 N. Y. 123.)

We do not consider it necessary to receive as evidence copies of the Income Tax Regulations.

We hold that the Regulations of the New York State Tax Department must be judicially noticed. Though the authorities are not entirely uniform on the subject of taking judicial notice of departmental regulations, the weight of authority appears to require that regulations of the principal executive departments of the government, especially those which are so well established and widely published as income tax regulations, are matters which must be judicially noticed. (Jones' Commentaries on Evidence [2d ed.], § 388; Underhill's Criminal Evidence [4th ed.], § 61; Chamberlayne's Trial Evidence, § 165, subd. f.)

The reasons for the rule accepting these regulations as proper subjects of judicial notice are variously stated. Those regulations which are expressly authorized by law are said to have the force of a public statute of the State, which has always been the subject of judicial notice. Or, as it is sometimes said, such regulations " become a mass of that body of public records of which the courts take judicial notice." (*Caha* v. *United States*, 152 U. S. 211, 222.) In addition, it may be said that income tax regulations are matters of such wide, everyday knowledge that the regulations concerning them may be classed as matters of common knowledge, as well as matters of judicial knowledge.

Having taken judicial notice of the regulations concerning the New York State income tax, we find that article 544 thereof provides as follows:

" Art. 544. Place for filing returns. Returns of income must be delivered or mailed to any one of the district offices of the Income Tax Bureau of the State Tax Commission:

"District No. 1 Albany
"District No. 2 Borough of Manhattan, New York City
"District No. 3 Borough of Brooklyn, New York City
"District No. 4 Buffalo
"District No. 5 Rochester
"District No. 6 Syracuse
"District No. 7 Utica."

We thus find a provision that returns might be made to any of the offices named, including an office in New York county.

As we have already pointed out, creation of the district offices which the regulations provided for was expressly authorized by section 372 of the statute. This section states that each of the district offices shall be deemed a branch office of the State Tax Commission. As the regulations provided that delivery of a return, or the making of payment to any one of the district offices would be sufficient, a failure to deliver a return or to make a payment to any of these offices would seem to constitute a violation of the law in each of the counties where the district offices were maintained. In other words, the statute gives the taxpayer the choice of seven places in which to file his return or pay his tax and failure to file or to pay in any of these places is an act of omission occurring in each thereof.

A similar holding appears to have been made concerning Federal income tax returns. (See *United States* v. *Commerford, supra.*) In that case it was pointed out that, under the Federal Income Tax Law, returns might be made either to the collector for the district in which the taxpayer resided, or the collector of the district in which his principal place of business was located. The defendant Commerford lived in the Eastern District of New York and had a place of business in the Southern District. He was indicted in the Southern District and questioned jurisdiction of the court of that district. The Circuit Court of Appeals for the Second Circuit, in upholding jurisdiction, said: "The act of filing a return should have been done in either the Eastern or Southern district. Appellant asserts that the failure to act in either district is an offense in one or the other district only, and claims that the government must prove in which district it is an offense.' But filing a return in either district discharges the taxpayer's complete duty in both districts. Equally a failure to make a return in either district is an offense in both districts, and the offender may be tried in either district. The objection that this would permit a taxpayer to be tried twice for what is, in substance, one offense, is erroneous. We do not say that the taxpayer owes two duties

to file a return or that failure to make a return constitutes two separate offenses. There is but one duty to make a return, and failure constitutes but one offense, and that duty exists and the offense occurs in two districts."

It is true that in the *Commerford* case (*supra*) the statute itself provided that returns might be made in one of two specified places, whereas here we find the choice is afforded by the regulations.

We see no essential difference between the cited case and the present case, because of this circumstance. Of course, the correctness of this view rests upon our right to take judicial cognizance of the provisions of the regulations adopted by the State Tax Commission, and the propriety of affording to these regulations sufficient force to support jurisdiction. We have already indicated our view on these matters.

In addition to taking judicial notice of the regulations, we are of the opinion that we must take like notice of the maintenance of an office of the State Tax Commission in New York county where returns might be filed and the tax paid.

Undoubtedly the courts of this State may take judicial notice of the seat of government. They may take like notice of the performance of their duties generally by the taxing branch of the government. (*City of New York* v. *Vanderveer*, 91 App. Div. 303.) We think they may also take notice of the existence of branch offices of the various State departments, especially where such offices are specifically created and located by regulations having the force of statutes. Here again the matter is one of broad, common knowledge, as well as one provided by a regulation having the force of law.

We are mindful of the limitation that the right to make regulations would not vest the State Tax Commission with legislative power (*People ex rel. Brewster* v. *Wendell*, 196 App. Div. 613), and, therefore, the regulations could not create a criminal offense where none was created by statute. (*United States* v. *Eaton*, 144 U. S. 677, 688; *Caha* v. *United States, supra*.) But the present regulations do not attempt to create any new offense. The crimes involved were defined by the statute as failure to perform certain acts at the office of the State Tax Commission. The regulations, pursuant to statutory authority, merely subdivided the State into districts, and created several branch offices of the Commission.

Subdivision 4 of section 376 of the Tax Law made disobedience of any requirement of the income tax article, *or of any lawful requirement of the Tax Commission thereunder* a misdemeanor. (Italics ours.)

Provisions in regulations adopted pursuant to statutory authority are lawful requirements of the Commission. The formation and location of branch offices, though affording the basis of venue, do so merely as an incident to the division of the State into districts. All that can be said is that several places were provided where any crime might be committed, by the designation of branch offices. (*Caha* v. *United States, supra,* at p. 220.)

We think that the provision in subdivision 6 of section 376 to the effect that failure to do any act required under the provision of the statute was to be deemed an act committed in part at the office of the State Tax Commission in Albany, supports the view here expressed. The use of the words " in part " is significant. If Albany county was to be the only place where failure to perform the duty required by law might be punishable, the insertion of the words " in part " would have been unnecessary, at least in so far as the failure to file a return or to pay a tax was concerned.

Appellant contends that the effect of a holding that a defendant could be prosecuted in any of the seven places where district offices are maintained might result in a prosecution in Erie county of a resident of Suffolk county, and that such a construction is unwarranted because of the prejudice which might follow. There are several answers to this argument. In the *first* place, there has been no application of the statute in a manner that might prejudice defendant in the present case, for, while we do not base our holding of jurisdiction on such facts, we find that the defendant resided in the county of New York, and was present in that county at least on one of the material tax dates. *Second,* we have no right to assume that any prejudicial action in laying venue would be attempted, though the statute might make such action possible. *Third,* if the jurisdiction conferred by statute had been deemed too broad, it might well have been limited by the Legislature to Albany county, or to the place of abode of a resident taxpayer. As the law now stands it affords the taxpayer an opportunity to make a return and pay a tax in any one of seven counties. Violation of his duty would seem to impose liability of prosecution in any of these counties.

The judgment should be affirmed.

O'MALLEY, TOWNLEY and COHN, JJ., concur; MARTIN, P. J., concurs in result.

Judgment unanimously affirmed.