782

## HUDSON v. UNITED STATES.

### No. 3315.

Circuit Court of Appeals, Tenth Circuit.
Oct. 22, 1946.

Rehearing Denied Nov. 20, 1946.

Clinton J. Evans, of Topeka, Kan. (Hayden C. Covington, of Brooklyn, N. Y., and R. A. Mooneyham, of Carthage, Mo., on the brief), for appellant.

Randolph Carpenter, U. S. Atty., of Topeka, Kan. (James W. Wallace, Asst. U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Appellant, a member of the sect known as Jehovah's Witnesses, duly registered under the Selective Training and Service Act of 1940, and the amendments thereto, 50 U.S.C.A.Appendix, § 301 et seq. In connection with his registration, he first sought and obtained deferment on the ground that he was engaged in farming and the raising of livestock. He also claimed that he was a conscientious objector. He later claimed that he was an ordained minister and therefore should be placed in Class 4–D. The local board placed him in Class 1–A. He appealed and the classification was sustained. The local board ordered him to report for induction into the land and naval forces of the United States. He failed to report and was thereafter indicted, charged with such failure. The cause was tried to the court without a jury. Appellant was found guilty and sentenced to imprisonment, and he appealed.

Presented through different approaches, the contention urged for reversal of the judgment is that appellant was exempt from training and service under the Act, supra; that the action of the board in placing him in Class 1–A and in ordering him to report for induction was void; and that he therefore was not guilty of any criminal offense in failing to report. Section 5(d) of the Act, 50 U.S.C.A.Appendix, § 305(d), provides among other things that ordained ministers shall be exempt from training and service, but not from registering. The chronological steps in the process of registration and selection for military service under the terms of the Act are integral parts of the whole. It begins with registration and ends with acceptance by the army, navy, or civilian public service camp. Reporting at the induction center in obedience to the order of the board is one of the intermediate steps. And in Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305, it was held that one required to register and otherwise comply with the Act must exhaust the procedure outlined in the Act before he can be heard in a criminal case of this kind to challenge collaterally the action of the board on the ground that he was improperly classified. There the accused was classified as a conscientious objector and the board ordered him to report for assignment to work of national importance. There, as here, he failed to report in obedience to the order and was indicted. There, as here, he sought to defend on the ground that he was entitled to a statutory exemption. But it was said in sweeping language too clear for misunderstanding that, in a criminal prosecution for the willful violation of an order of a board directing a registrant to report for the last step in the selective proc-

ess, there is no warrant for judicial review of the propriety of the action of the board in classifying the registrant.

Appellant places strong reliance upon the case of Estep v. United States, 327 U.S. 114, 66 S.Ct. 423. But that case lends him no support. There, Estep and Smith were members of Jehovah's Witnesses, and each claimed exemption from all service on the ground that he was an ordained minister. There, in each instance, the registrant reported at the induction center in obedience to the order of the board and was accepted for service but refused to be inducted. It was held that having exhausted the procedure set forth in the Act, the accused in each instance could defend in the criminal case on the ground that the board exceeded its jurisdiction in denying the claimed exemption. Here, in wide distinction, appellant failed to report at the induction center. And not having exhausted the procedure contained in the Act, he cannot be heard in this case to challenge the order of the board on the ground that he is an ordained minister and therefore should have been granted a statutory exemption from all service. Falbo v. United States, supra.

The judgment is affirmed.