UNITED STATES of America, Appellant,

v.

Dudley A. PATTESON, Appellee.

No. 5193.

United States Court of Appeals Tenth Circuit.

Jan. 19, 1956.

**258**

Selby S. Soward, Topeka, Kan. (William C. Farmer, U. S. Atty., Wichita, Kan., on the brief), for appellant.

Hayden C. Covington, Brooklyn, N. Y., for appellee.

Before MURRAH and PICKETT, Circuit Judges, and RICE, District Judge.

PICKETT, Circuit Judge.

The question presented by this appeal is one of jurisdiction in a prosecution for violation of the provisions of the Universal Military Training and Service Act. 50 U.S.C.A.Appendix, 451 et seq. The defendant Patteson, a resident of Oklahoma City, Oklahoma, registered with the local Selective Service Board and was classified 1-O. This classification is one designated for those who are conscientiously opposed to participation in both combatant and noncombatant training and service in the armed forces of the United States. 50 U.S.C.A.Appendix, § 456(j). In lieu of induction, the local board ordered Patteson to report to it on July 26, 1954, to receive instructions for civilian work contributing to the maintenance of the national health, safety or interest at the Topeka State Hospital in Topeka, Kansas. In compliance with the order, he reported to the local board and there notified the board that he would not proceed to Topeka for the performance of the required civilian work. He never left the State of Oklahoma.

On October 7, 1954, the defendant was indicted in the United States District Court for the District of Kansas for violation of 50 U.S.C.A.Appendix, § 462. The indictment charged that the defendant did knowingly and willfully refuse, neglect and fail to report to the Topeka Hospital as ordered by the local board. The District Court dismissed the indictment on the ground that the offense was not committed in Kansas. 132 F.Supp. 67. The United States has appealed.

Section 12 of the Act, 50 U.S.C.A.Appendix, § 462(a), provides that any person "charged as herein provided with the duty of carrying out any of the provisions of this title, or the rules or regulations made or directions given thereunder, who shall knowingly fail or neglect to perform such duty, * * * shall, upon conviction in any district court of the United States of competent jurisdiction, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such

fine and imprisonment". The Sixth Amendment to the Constitution of the United States requires that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial "by an impartial jury of the State and district wherein the crime shall have been committed, * * *." The question narrows itself to that of where was the crime committed. The United States argues that the order of the local board required Patteson to report at the Topeka Hospital; that his omission or failure to report there was the act which constituted the violation; and that the crime was committed in Kansas by this omission or failure. It relies upon decisions which uphold jurisdiction of prosecutions in the districts where a statute requires an act to be done.[1] Generally, these cases hold that when an omission or failure to act constitutes a crime, the jurisdiction of a prosecution for a violation is in the district where the act should have been performed, even though the person charged was not physically present in that district at the time of the omission or failure. The Third Circuit in United States v. Johnston, 227 F.2d 745, adopted this analogy and held in a case similar to the one before this court that jurisdiction was at the place where the conscientious objector was ordered to report. We do not think that the offense was an act of omission or an offense of misfeasance or malfeasance which would pass from one jurisdiction to another, but a refusal to take a positive step in the process of induction or assignment to civilian work and that this refusal was in Oklahoma.

As is pointed out in United States v. Anderson, 328 U.S. 699, 66 S.Ct. 1213, 1217, 90 L.Ed. 1529, "The constitutional specification is geographic; and the geography prescribed is the district or districts within which the offense is committed. This may or may not be the place where the defendant resides; where the draft board is located; or where the duty violated would be performed, if performed in full. The places of residence, of the draft board's location, of final and complete performance, all may be situated in districts different from that where the criminal act is done. When they so differ, it is the latter, not any of the former, which determines the jurisdiction." (Footnotes omitted.)

■ So far as compliance with the requirements of the Act or the regulations is concerned, the conscientious objector is in no different position than any other person subject to its provisions. Induction into the service is the end product of submission to the Selective Service process and compliance with the orders of the local board. Billings v. Truesdale, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917. Induction is brought about by a continuous process of steps beginning with registration, and it ends when the registrant is accepted into the military service or enters into civilian work. A wilful refusal of those affected by the Act to take any one of the necessary steps constitutes a violation. Gibson v. United States, 329 U.S. 338, 67 S.Ct. 301, 91 L.Ed. 331; Billings v. Truesdale, supra; Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Hudson v. United States, 10 Cir., 157 F.2d 782, certiorari denied 329 U.S. 813, 67 S.Ct. 637, 91 L.Ed. 694; Shigeru Fujii v. United States, 10 Cir., 148 F.2d 298, certiorari denied, Minola Tamesa v. United States, 325 U.S. 868, 65 S.Ct. 1406, 89 L.Ed. 1987; Berman v. United States, 9 Cir., 156 F.2d 377, certiorari denied 329 U.S. 795, 67 S.Ct. 480, 91 L.Ed. 680.

■ Patteson had taken all the required steps in the process of induction up to compliance with the local board's order which required him to report to it for assignment to Topeka, Kansas for

---

1. See Rumely v. McCarthy, 250 U.S. 283, 39 S.Ct. 483, 63 L.Ed. 983; United States v. Lombardo, 241 U.S. 73, 36 S. Ct. 508, 60 L.Ed. 897; United States v. Commerford, 2 Cir., 64 F.2d 28, certiorari denied 289 U.S. 759, 53 S.Ct. 792, 77 L.Ed. 1502; New York Central & H. R. R. Co. v. United States, 2 Cir., 166 F. 267; State v. Peabody, 25 R.I. 544, 56 A. 1028.

civilian work in lieu of induction into the armed forces. The duty required of him by the order was to proceed to Topeka. This was no more than a necessary intermediate step in the continuous process, the ultimate purpose of which was to get Patteson into civilian work. Falbo v. United States, supra. It seems to us quite clear that his refusal to take this step occurred when he notified his local board in Oklahoma that he would go no further. Had he proceeded to Topeka and then refused to do the assigned work, a separate offense would have been committed. Gibson v. United States, supra; United States v. Anderson, supra. In Dodez v. United States, 329 U.S. 338, 67 S.Ct. 301, 91 L.Ed. 331, and Jeffries v. United States, 10 Cir., 169 F.2d 86, 89, prosecutions were had in the district where the board was located when the registrants refused to report for work of national importance after being ordered to do so, and the jurisdiction of the courts was not questioned.[2]

Jurisdiction as contended for by the United States might require a conscientious objector who refused to obey the local board's order to go to a distant state or territory of the United States, or even outside the continental limits of the United States, where he had never been, to defend a prosecution for an act, that is a refusal to proceed, which occurred in his home district. This, of course, would not determine jurisdiction if the crime was actually committed elsewhere, but as was said in United States v. Johnson, 323 U.S. 273, 65 S.Ct. 249, 251, 89 L.Ed. 236, "Questions of venue in criminal cases, therefore, are not merely matters of formal legal procedure. They raise deep issues of public policy in the light of which legislation must be construed. If an enactment of Congress equally permits the underlying spirit of the constitutional concern for trial in the vicinage to be respected rather than to be disrespected, construction should go in the direction of constitutional policy even though not commanded by it."

Affirmed.

2. In the Jeffries case, the court said:
"Clearly, the duty of Jeffries to report embraced more than putting in an appearance at the time and place designated in the order. It included a willingness to be assigned to work of national importance under civilian direction and to go to the camp to which he had been assigned.

"The appearance of Jeffries at the office of the Local Board at the time indicated in the order with the intent and purpose not to accept assignment to work of national importance and not to go to the camp to which he had been assigned was as much a noncompliance with the order as if he had not appeared at the office of the Local Board."