**STATE of Missouri, Respondent,**

v.

**Nick CIVELLA, Appellant.**

No. 49479.

Supreme Court of Missouri,

Division No. 2.

June 4, 1963.

James Patrick Quinn, and Alex Peebles, Kansas City, for defendant-appellant.

Thomas F. Eagleton, Atty. Gen., Eugene G. Bushmann, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Nick Civella has appealed from the judgment of the Circuit Court of Jackson County wherein he was fined $500 and sentenced to confinement in the county jail for a term of six months for willfully failing to file an income tax return for the year 1957. See Section 143.330. (All statutory references are to RSMo 1959, V.A. M.S., unless otherwise stated). Although the offense of which appellant was found guilty is a misdemeanor, this court has jurisdiction. Points presented in appellant's brief present issues involving the construction of the constitution of this state. Our disposition of this appeal makes it unnecessary to rule these issues, but they are noted subsequently. However, when issues involving the construction of the constitution are properly presented in good faith, are not fictitious in that a colorable issue only is presented, and are otherwise before us for consideration, this court has jurisdiction and retains it even though in the final disposition of the case we find it unnecessary to decide these questions. McCord v. Missouri Crooked River Backwater Levee District of Ray County, Mo., 295 S.W.2d 42, 44; Haley v. Horjul, Inc., Mo., 281 S.W. 2d 832.

The case was submitted to the trial court without a jury on an agreed statement of facts. We need set out only a portion of the facts contained therein.

During 1957 and 1958 appellant was a resident of Jackson County, Missouri. During 1957 he received a gross income in Missouri of $19,800.85 consisting of salaries in the amount of $12,480 and income from other sources in the amount of $7,320.85. In April 1958 he filed a federal income tax return and reported therein the above income and paid the tax. By the agreed statement of facts appellant does not admit that he did not timely file a Missouri income tax return for the year 1957. Only two provisions in the statement bear on this issue. They are as follows:

"4. That the Missouri Director of Revenue and his agents and employees made a search of all of the files of the

Missouri Director of Revenue in Jefferson City, Missouri, and the Branch Office in Kansas City, Missouri, on or about July 1, 1960, and no Missouri Income Tax Return by the said Nick Civella for the calendar year 1957 was found; * * *."

\* \* \* \* \* \*

"7. That on September 1, 1960, with knowledge that the instant action, * * was pending, the Director of Revenue, through his duly authorized agents and deputies, proceeded to make an assessment against Nick Civella for the year 1957, said assessment including tax due, penalty and interest; that said tax amounted to Four Hundred Forty-nine and 83/100 ($449.83) Dollars, that the penalty was determined to be Twenty-five (25%) per cent, an amount of One Hundred Twelve and 46/100 ($112.46) Dollars, and the interest amounted to Sixty-five and 23/100 ($65.23) Dollars; that Nick Civella then and there paid said amounts totaling Six Hundred Twenty Seven and 52/100 ($627.52) Dollars; that the Director of Revenue deposited said sum to the accounts of the State of Missouri and has ever since said time retained said monies. * * *."

Section 143.230 requires that "Everyone who is subject to a tax based on income shall on the second day of January of each year or as soon thereafter as practicable, apply to the director of revenue for a proper blank on which to make a return of income for the preceding year. The return shall be filed with the director of revenue on or before the fifteenth day of April next following, except in cases where return is made by a person or corporation on a fiscal year basis * * *." Section 32.040 requires the director of revenue to establish and maintain "permanent branch offices in the cities of St. Louis and Kansas City," and Section 143.210 provides that "For the purpose of administration of this chapter [income tax] the director of revenue may

establish temporary or permanent branch offices in such localities of the state as the business may warrant, for the purposes of making forms available, *taking returns thereon,* or such other business occasioned by this chapter as the director of revenue may specify. * * * Returns by persons residing within this state and who are under a duty to file a return, * * * *may be made to any of such branch offices* and during such times as the director of revenue may establish such branch offices for receiving income tax returns, or to the main office of the state department of revenue; * * *." (Emphasis added). In April 1958, in addition to the two permanent branch offices, there were eight other branch offices located in eight separate cities of Missouri.

▬ In view of the express language of Section 143.210 authorizing appellant to file his income tax return in any one of eleven different places, we must and do conclude that proof, whether by oral testimony or by way of an agreed statement of facts, only that no income tax return by appellant for the year 1957 could be found in the Kansas City branch office or the main office at Jefferson City, without proof that all returns filed at all branch offices are forwarded to the Jefferson City office, does not constitute sufficient proof from which it may be determined beyond a reasonable doubt that no return at all was filed. In addition, the stipulated fact that subsequently appellant paid the tax due on his income for the year 1957, with penalties and interest, does not warrant the finding that he filed no return. The charge is not failing to pay the tax timely, but willfully failing to file a return, and appellant could have filed the return without paying the tax and have been subject to the payment of penalties and interest. See Section 143.330. The burden was on the state to prove the commission of the offense charged; not on the appellant to prove his innocence. For this reason the present judgment cannot stand. However, if appellant did not timely file an income tax return this fact is easily

**448**

susceptible of proof. Unless there is some reason urged by appellant that a judgment of guilty could not in any event stand, the reversal of the judgment in this case should be accompanied with a remand. See State v. Paglino, Mo., 291 S.W.2d 850 and 319 S.W.2d 613. We shall examine the contentions of appellant, which, if sustained, would preclude further trial.

 Appellant asserts that the Circuit Court of Jackson County lacked "jurisdiction" because the offense, if any, is charged to have been committed in Cole County. He relies on the language of the substitute information that "at the County of Jackson, State of Missouri, [appellant] did then and there unlawfully, wilfully and knowingly fail and refuse to file a return for Missouri State income tax for the year 1957 with the Director of Revenue, Jefferson City, Missouri, as required by law, * * *." Section 143.230 provides that income tax returns "shall be filed with the director of revenue;" not with the "director of revenue, Jefferson City, Missouri." Section 143.210 provides where that return should be filed, that is, with "any of such branch offices * * * or to the main office of the state department of revenue." We do not agree with appellant that the substitute information charged that the offense was committed in Cole County. It expressly alleged the commission of the offense to have occurred in Jackson County. The reference to "Jefferson City, Missouri" was descriptive only and constituted surplusage.

Appellant next contends that he is constitutionally guaranteed, Art. I, Sec. 18(a) Constitution of Missouri, V.A.M.S., as well as by statute, Section 541.030, that all crimes, including this offense, be prosecuted in the county in which the offense is committed, and that the offense of failing to file an income tax return is committed, if at all, only in Cole County because the return is required to be filed with the director of revenue who is located in Jefferson City.

In the trial court, in support of its contention that venue for the prosecution was in Jackson County, the state relied on Section 541.035, Laws of Missouri 1957, p. 388, V.A.M.S.Supp., which provides as follows: "Offenses for failure or refusal to comply with any law requiring a report to be filed or made in or to the state of Missouri, or any department or officer thereof, shall be held to be committed in the county of the residence of the person failing or refusing to file or make such report, except where the person shall reside without the state of Missouri, in which event the unlawful act is deemed to have been committed in the county wherein the report is required by law to be filed." Appellant contends, first, that an income tax return is not a report, and second, that this statute is unconstitutional on the ground that it is in violation of Section 18(a), Article I, Constitution of Missouri which guarantees to appellant "a speedy public trial by an impartial jury of the county" wherein the offense was committed. See State v. Anderson, 191 Mo. 134, 90 S.W. 95; State v. Mispagel, 207 Mo. 557, 106 S.W. 513; State v. Fluesmeier, 318 Mo. 803, 1 S.W.2d 133. We find that it is not necessary to rule whether or not an income tax return is a report within the meaning of this statute, although we think it unquestionably is, and it also is not necessary to rule on the constitutionality of Section 541.035. If this statute is constitutional then by reason of it the proper venue for the trial of this case was in Jackson County. But, if the statute is not constitutional, the proper venue was still in Jackson County for the reasons we shall subsequently set out.

 Section 541.030 provides that "Offenses committed against the laws of this state shall be punished in the county in which the offense is committed, except as may be otherwise provided by law." It has long been the uniformly accepted rule that "Where the offense consists of a failure or omission to act, the crime is usually regarded as committed in the district [or county]

where the act should have been performed. Thus, where one is required by a penal law to file a document in a certain district [or county], the failure to do so is a crime committed in the district [or county] in which the document was required to be filed." 22 C.J.S. Criminal Law § 182(1), pp. 443–445. In this case appellant was not required to file an income tax return in Cole County. By express statutory authority he had the option to file the return with the director of revenue in one of several places, including Jackson County. The determinative question thus presented is, what is the place of the offense of willfully failing to file an income tax return when the accused had the right to file it in ten different counties and the City of St. Louis? Although we have found no previous case in this state, nor have we been cited to one, ruling this question, the federal courts have had the precise situation before them. In United States v. Commerford (2d Cir.) 64 F.2d 28, the statute required that a federal income tax return be made "to the collector for the district in which is located the legal residence or principal place of business of the person making the return." The defendant resided in one district and his principal place of business was in another. He therefore had the option to file the return in two different places. The indictment charged a failure to file in either district. It was held: "When omission to act constitutes a crime, the venue is the jurisdictional locality where the act should have been performed. * * * And where the offense, as here, consists of the failure to file a document, it is committed in the place where the document should have been filed and not elsewhere. * * * The act of filing a return should have been done in either the Eastern or Southern district. * * * [F]iling a return in either district discharges the taxpayer's complete duty in both districts. Equally a failure to make a return in either district is an offense in both districts, and the offender may be tried in either district. The objection that this would permit a taxpayer to be tried twice for what is, in substance, one offense, is erroneous. We do not say that the taxpayer owes two duties to file a return or that failure to make a return constitutes two separate offenses. There is but one duty to make a return, and failure constitutes but one offense, and that duty exists and the offense occurs in two districts." Certiorari to the United States Supreme Court was denied. Commerford v. United States, 289 U.S. 759, 53 S.Ct. 792, 77 L.Ed 1502. We also find that the precise question, but with facts more comparable to those before us, has been ruled by the courts of the State of New York. In People v. Colbert, 263 App.Div. 36, 31 N.Y.S.2d 246, the statute required that an income tax return be made to the state tax commission, the main office of which was in Albany. The commission was authorized to divide the state into districts in each of which a branch office could be maintained, and by regulation it was provided that "Returns of income must be delivered or mailed to any one of the district offices of the income tax bureau of the state tax commission," of which there were seven. The court held: "As the regulations provided that delivery of a return, * * * to any one of the district offices would be sufficient, a failure to deliver a return * * * to any of these offices would seem to constitute a violation of the law in each of the counties where the district offices were maintained. In other words, the statute gives the taxpayer the choice of seven places in which to file his return * * *, and failure to file * * * in any of these places is an act of omission occurring in each thereof. * * * As the law now stands it affords the taxpayer an opportunity to make a return * * * in any one of seven counties. Violation of his duty would seem to impose liability of prosecution in any of these counties."

We approve of the reasoning, theory and result of the Commerford and Colbert cases. In this case appellant had the duty to file an income tax return with the director of revenue. He was afforded

the right to comply with that duty in several places, including Jackson County, the county of his residence. His willful failure to comply with that duty constituted an offense at the place or places where he failed to comply, one of which was Jackson County. Therefore, without reliance upon Section 541.035 the indictment of appellant was properly found in Jackson County, and the trial was properly held there pursuant to the information substituted for the indictment. We need not now concern ourselves with the question of whether, by reason of Section 541.035, Jackson County would be the only place where the offense could be charged.

Appellant also contends that the imposition of a jail sentence upon an agreed statement of facts constitutes a violation of the due process clause of the Missouri and federal Constitutions. By reason of our reversal of the judgment, and remand of the cause, the case is sent back for retrial anew. Whether or not an agreed statement of facts will again be entered into is a matter to be worked out between the prosecution officials and counsel for appellant. Also, the punishment imposed, in the event there is a verdict of guilty based on an agreed statement of facts, may or may not include a jail sentence. We need not decide the now academic question of the limitations of the due process clause, if any, on the authority of a trial court to impose the punishment of a jail sentence in a criminal case when the sole evidence before it is an agreed statement of facts.

Appellant next asserts that the agreed statement of facts filed in this case does not authorize a finding of willfullness. Again, this is now an academic question on the record before us. A statement of the facts in a new trial may be different, or there may be no agreed statement at all and the record may consist of oral testimony and documentary evidence.

Appellant also asserts that the "quality of the omission (willful or non-

willfully) was judicially determined by the director of revenue and that judgment is binding upon the state in this action." Appellant relies on the fact that the director of revenue with the counsel and advice of the attorney general for the State of Missouri, made an assessment against appellant for income tax due for the year 1957, including penalties of twenty-five per cent. Section 143.330 provides that if "without intent to evade the income tax" a taxpayer fails to file a return or pay the tax within the time prescribed by law there shall be added to the tax a penalty of five per cent for each thirty days or fraction thereof during which such failure continues, at the discretion of the director of revenue, not to exceed twenty-five per cent in the aggregate. However, it is also provided that "If any part of any deficiency is due to fraud with intent to evade tax, then fifty per cent of the total amount of the deficiency shall be assessed, collected and paid * * *." Appellant's contention is that the determination by the director of revenue that a penalty of twenty-five per cent was appropriate, and not fifty per cent, constituted a judicial determination that appellant did not "willfully" fail to file a return, which is now conclusive in this criminal proceeding. We do not agree. The record discloses no compromise whereby the director of revenue purported to agree that this criminal case would not be prosecuted if appellant paid the tax and the assessed penalty, assuming authority on his part to make such agreement. The action of the director of revenue in collecting the tax, including the penalty and interest, was a civil proceeding, and if appellant believed the decision of the director to have been erroneous it was subject to judicial review. However, Section 143.330 makes it clear that willfully failing to make a return shall "in addition to all other penalties provided in this chapter" constitute a misdemeanor. The determination by the director was, at most, that a deficiency in the payment of the tax by appellant was not

"due to fraud with intent to evade tax." This did not constitute a judicial determination binding on the state that appellant did not willfully fail to file a return. Appellant relies primarily on a statement in State v. Kosovitz, Mo., 342 S.W.2d 828, 831, as follows: "It has been held that the actions of our Boards of Equalization and of the State Tax Commission are judicial acts. * * * Consequently, such an order, made within the respective tribunal's jurisdiction, has the effect of a judgment and is not subject to collateral attack. * * * We see no reason why the acts of the Director of Revenue in assessing income taxes should not be similarly classified." The Kosovitz case was a civil suit to collect taxes and the above statement was made in reference to the right of a taxpayer, after the time had expired for a judicial review, to make a collateral attack on an assessment by the director of revenue on the ground that it was void as distinguished from erroneous. We consider it not applicable to the situation before us. The federal cases cited by appellant also are not at all applicable because of the differences in the circumstances.

■ The final contention is that the statute of limitations bars this proceeding. Section 143.330, in effect at the time this criminal action was commenced, see Laws of Missouri 1957, p. 801, provided that all prosecutions for willfully failing to file an income tax return "shall be brought within one year after the discovery by the director of revenue or his agents of * * * the existence of income which should require a return; provided that no such a prosecution shall be brought after the expiration of four years from the date * * * a return should have been filed and the taxpayer willfully failed to file same." The one year period is now three years. See Laws of Missouri 1961, p. 616, 617. Appellant's position is that this action was commenced more than one year after seven partnerships, in which appellant had an interest, and his employer made information reports to the director of revenue showing his income, and that this constituted notice to the director of revenue of the existence of income which should require appellant to file a return. The statute starts the one-year (now three-year) period of limitation to run after "the discovery" by the director of revenue or his agents, of (1) the falsity of a return, or (2) the existence of income which should require a return. "Discovery" within the meaning of this statute calls for something more than merely having certain facts available in numerous documents contained in a voluminous mass of other material. The statute requires that the director of revenue or his agents must have *discovered* income, from the material available to him or from some other source, which should require a return. It is the four-year period which applies to the situation where the director *should have* discovered the existence of the income. We consider inapplicable the cases cited and relied on by appellant pertaining to constructive knowledge in civil cases based on fraud.

None of the various contentions presented by appellant would prevent a retrial of this case, and for the reasons previously stated the judgment is reversed and the cause remanded.

BOHLING, C., concurs.

BARRETT, C., dissents.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.